UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In Re:<br><br>KELLY L. GREENE (formerly MELLEN),<br><br>Debtor. | Chapter 12<br>Case No. 15-20433 |
| KELLY L. GREENE (formerly MELLEN),<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>J.D. STEWART FINANCIAL, INC. and JONATHAN D. STEWART,<br><br>Defendants/Counterclaimants. | Adversary Proceeding<br>Case No. 15-2016 |

## **MEMORANDUM OF DECISION**

This matter is before me on the Plaintiff/Counterclaim-Defendant Kelly L. Greene's (the "Plaintiff") motion seeking sanctions against Defendants/Counterclaimants J.D. Stewart, Inc. ("J.D. Stewart") and Jonathan D. Stewart (J.D. Stewart and Mr. Stewart are collectively referred to as the "Defendants") and their counsel, Robert M.A. Nadeau ("Mr. Nadeau") pursuant to Fed. R. Bankr. P. 7026 and 7037, Fed. R. Civ. P. 26 and 37, and Local Bankruptcy Rules 7026-1 and 9013-1.

For the reasons set forth below, I hereby deny the relief requested by the Plaintiff.

**II. Jurisdiction and Venue.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and the 1334 and the United States District Court for the District of Maine Local Rule

83.6(a).  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B) and (I).  Venue here is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.   Background.

The Plaintiff commenced this litigation by filing a complaint on July 7, 2015 asserting a claim against the Defendants under 11 U.S.C. § 362(k).  The Defendants answered and counterclaimed on July 12, 2015, asserting claims of nondischargeability against the Plaintiff (D.E. 7).  The counterclaims were premised upon allegations that the Plaintiff falsely or fraudulently assured the Defendants that she would not continue to work as a tax preparer after the Defendants purchased the accounting business owned by the Plaintiff's employer.[1]  The Defendants asserted in their counterclaims that, as a result of those allegedly false or fraudulent misrepresentations, the Plaintiff owed them a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(4).

On October 23, 2015, this Court entered the pretrial scheduling order jointly proposed by the Plaintiff and the Defendants (D.E. 23, 24).  The scheduling order indicated that the pleadings in the case were not complete and, further, that the parties may seek to file amended pleadings after the completion of discovery.  Under the terms of the Pretrial Order, the Plaintiff was required to make initial disclosures to the Defendants on or before November 6, 2015 and the Defendants were required to make their initial disclosures on before November 20, 2015.  The discovery period was originally scheduled to close on February 19, 2016 but a February 4, 2016 order on a consent motion extended that deadline to April 19, 2016 (D.E. 29).

---

[1] For a more developed summary of the Defendants' claims against the Plaintiff, please refer to my Memorandum of Decision issued on the same date as this decision denying, in part, and granting, in part, the Plaintiff's motion seeking summary judgment.

On May 19, 2016 the Plaintiff filed a motion seeking summary judgment, both with respect to her claim against the Defendants for willful violation of the automatic stay, and the Defendants' counterclaims against her asserting the nondischargeability of a debt allegedly arising from a pre-petition transaction between the Defendants and the Plaintiff's prior employer (D.E. 33). The Defendants objected to certain material facts asserted by the Plaintiff and attached, *inter alia*, an affidavit by Lisa Curro (D.E. 39-8) (the "Curro Affidavit"). The Curro Affidavit alleges that the Plaintiff contemplated opening her own tax preparation service even before the Defendants entered into negotiations with the Plaintiff's employer. This sworn statement is contrary to the Plaintiff's assertion that she did not decide to open her own service until after she declined an offer of employment by the Defendants months later.

The Curro Affidavit, which was filed on May 30, 2016, was the first mention by the Defendants of their intention to use Ms. Curro as a witness. As a result of the Defendants' failure to amend their initial disclosures, or otherwise notify the Plaintiff of their intention to use Ms. Curro as a witness, the Plaintiff seeks sanctions under Fed. R. Civ. P. 37(c)(1), as incorporated by Fed. R. Bankr. P. 7037, in the form of prohibiting any testimony by Ms. Curro, excluding the Curro Affidavit and awarding fees and expenses.

**III.    Decision.**

In her motion seeking sanctions, the Plaintiff argues that the Defendants failed to timely amend their initial disclosures to include Ms. Curro as a witness and, further, deliberately withheld her identity until the Defendants filed the Curro Affidavit in support of their objection to Plaintiff's motion for summary judgment. The Defendants, on the other hand, argue that the Plaintiff's delay

in delivering customer lists caused the late disclosure.[2]  The arguments presented by the parties raise conflicting factual allegations as to the timing and content of various disclosures by both the Plaintiff and the Defendants which do not need to be reached here.

Pursuant to Fed. R. Civ. P. 37(c)(1), a party may be precluded from using information or a witness if such witness or information was not properly disclosed in accordance with Fed. R. Civ. P. 26(a), unless the failure was substantially justified or is harmless.  Instead of, or in addition to, such sanction, the Court may also order payment of reasonable expenses.

As set forth more fully in my decision on the Plaintiff's motion seeking summary judgment, the information set forth in the Curro Affidavit was irrelevant to both the stay violation claim raised by the Plaintiff and to the counterclaims of nondischargeability asserted by the Defendants. For the reasons stated in my summary judgment decision, neither the timing of the Plaintiff's decision to open her own tax preparation service, nor the truthfulness of her conversations with the Defendants regarding her intentions, bear any weight on the nondischargeability claims asserted by the Defendants under 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(4).  Accordingly, the Defendants' failure to timely disclose Ms. Curro as a witness was harmless, in this instance.

Plaintiff argues that she suffered economic harm in the form of additional fees and costs incurred in connection with the preparation and prosecution of her motion seeking sanctions. While I am sensitive to this argument, I do not believe an award of fees and costs are appropriate here for three reasons.  First, the failure to disclose the identity of Ms. Curro, while certainly not a model of discovery practice, was harmless to the Plaintiff, and therefore, I do not believe an award

---

[2] The Defendants further argue that neither the scheduling order nor Fed. R. Bankr. P. 7026 clearly indicate an obligation to supplement initial disclosures.  I find this argument unconvincing in light of duty to supplement plainly required by Fed. R. Civil P. 26(e), as made applicable by Fed. R. Bankr. P. 7026.

of costs and fees incurred solely in connection with the preparation and prosecution of the motion seeking sanctions is appropriate.

Second, although it is not entirely clear on the papers when the Defendants first became aware of Ms. Curro's existence and the nature of her potential testimony, Plaintiff does not appear to dispute that her full customer list was not released to the Defendants until later in the discovery process and, even then, lacked any meaningful contact information for the various individuals. While this information does not excuse the Defendants from supplementing their initial disclosures in a timely manner, it does suggest that the Plaintiff's hands are not entirely clean.

Finally, the Plaintiff filed the instant motion for sanctions only after the Defendants filed their motion seeking permission from this Court to identify Ms. Curro as a witness. I denied that relief after considering, *inter alia*, the Plaintiff's objection to that motion. The Plaintiff should not now be able to recover the fees and costs incurred in connection with the preparation and filing of this motion, which seems to overlap those prior efforts.

### IV.    Conclusion.

For the foregoing reasons, I DENY the Plaintiff's motion seeking sanctions against the Defendants and their counsel, Robert M.A. Nadeau.

Dated:   December 13, 2016              /s/ Peter G. Cary
                                         Judge Peter G. Cary
                                         United States Bankruptcy Court